My name is Erin McCool, representing the appellant, in this case, Judith Lucke. I'm just going to go ahead and start in kind of a chronological order the way that I set out our brief. If you'd like me to change that order, please let me know. So I will start with my argument about the comparator evidence. We have two arguments about comparator evidence. First was that there was an error made by the court in excluding all evidence of similarly situated corrections deputies. I know that there was some misunderstanding when the brief was submitted. I was not working for this law firm at the time of trial, so I was going only from the district court docket record, and the district court docket record did have the stipulated facts that included the stipulations that all of those comparators were similarly situated in that none of them had requested FMLA leave or had requested accommodation. In the respondent's brief, the Multnomah County's brief, they introduced a new stipulated, joint stipulated set of facts that did not include that. It was submitted to this court non-protonque after the appellant had submitted her brief. And in that, there was an assertion that Multnomah County had never agreed to stipulate to the comparator evidence. And supporting that, Multnomah County presented emails that said that they would not stipulate to that. However, in those emails, they did note that two of those comparators were true comparators. They didn't mention which two. They didn't make us privy to that information. And so there was an error in that those two comparators should have been considered by the court because they were. I'm sorry. Would you clarify what I thought I heard you say? Was that the stipulation that the county says was the operative one was submitted after your brief in this court? Yes. The district court docket, I believe the docket number that I was going from, and I think that this was just an oversight by the district court not to put the joint stipulated facts without the stipulations on the record, but I was going, I think it was docket record 142. I would have to look it up. Okay. All right. So the stipulation that you originally relied on, was that entered in the, was that accepted by the district court? I believe that it was filed on the record. I think that the joint statement was read to the jury. It's my understanding after conferring with the attorneys after my brief was submitted that the stipulations as to the comparators were not read to the jury. So there was, that's the mix-up, I think. Well, I'm still confused. You're talking about some statement. I'm a little confused. I'm talking about stipulation. I mean, the joint stipulation that has all the comparators listed that you would like to rely on. Yes. The county says was not accepted in that form or used in that form. Is that correct or not correct? Well, it was filed with the U.S. District Court and then. Well, yeah, but just tell me first, is that correct or incorrect? I think that it's correct in that those comparators were not read by, to the jury. So the joint stipulated facts that was read to the jury was complete except for those last several paragraphs that included the stipulation as to the comparators. Okay. All right. So what do you draw from that? Well, it's hard to draw a lot from it. However, in the ensuing appeal, the county has submitted e-mails that were sent to the district court stating that at least two of those comparators were actual comparators that did not take FMLA or request accommodation. In that e-mail exchange, they weren't mentioned which ones they were, so an appellant doesn't know which ones were actually comparators. I just doesn't. I'm sorry. I'm just lost. I mean, the appellant, the appellee, and everybody else knows what was part of the trial record. I mean, it's something either. It is part of the trial record or it is not. So if it is, what's your argument? And if that joint stipulation that you're relying on is not part of the record, it's not part of the record. Well, it's the joint stipulation that I'm relying on is a part of the record. However, it wasn't read to the jury because. Well, look, for a stipulation to have effect in a trial, it has to be accepted by the court and received into evidence and put before the jury. That makes the stipulation a fact that the jury may consider and may accept or not, depending upon the way it gives it. Right. Now, that didn't happen with the joint stipulation. No. Okay. So we got that straight. Okay. So now what is your best argument on the comparator evidence, given that? Well, that two of those comparators should have been entered because the county. But, counsel, that's an argument that the county should have stipulated. Yes. To two comparators. Yes. And they refused to stipulate to that, so now what are you going to do? I mean, I think there are probably a lot of things that you would have liked the county to stipulate to that they were not willing to stipulate to. That doesn't mean it's error. Right. Well, everyone at the pretrial council agreed that there would be the stipulation, and then after the conference, the county comes back and says, well, we're not going to do that except for these two. And so I don't know. The trial council never obtained a stipulation from the county as to those two. So I know you were in trial council, but it appears the trial council for some reason failed to obtain the stipulation as to the two that the county was willing to admit. Yes. And so now it's not part of the record. So is this some kind of ethical failing by the county, or is there an error by the trial court here? I think that there's an error not to push the county, because they do in those e-mails. But a stipulation is a joint agreement among parties. The whole point of it is that it doesn't have to be coerced by the district court. Right. So why would the district court commit error here to fail to coerce the parties to agree to something they're not willing to agree to? But they did agree that two of those comparators did not take FMLA or … Never put into a stipulation. Well, it was put into the original stipulation that is on the docket file. You know, I can't say what happened in … The original stipulation on the docket file that was not entered, right? The docket file, no, it was entered on the docket file. It was not read to the jury. Okay. Yes. And so I'll move on to the second part of my comparator argument, in that the court erred by making a per se ruling that only corrections deputies could be considered as similarly situated. The standard for similarly … What per se rule is it that you contend the district court applied? That only corrections … Did the district court ever say no comparator evidence is going to be admitted? Or did the district court say the proffer isn't sufficient to show similarly situated individuals who should be compared?
judges: Rymer, Gould, Bybee